The opinion of the Court was delivered by
Todd, J.
The plaintiff sues the Parish of Madison for fees or commissions due him as Parish Attorney for said Parish.
*366 The amount claimed is $34,388, less $5,400, already paid him. This amount consists of five per centum upon the aggregate of the sums for which the Parish was sought to be made liable in certain suits brought against the late Board of Levee Commissioners, for the Parishes of Madison and Carroll, in the United States Courts; the plaintiff claiming that lie was entitled by law to that rate of compensation for defending said suits.
The amounts claimed in these suits were over a million of dollars, and the result of the litigation was, that the Parish made a successful defense and had nothing to pay.
The defenses of the Parish to this demand of the plaintiff in this suit are, substantially:
That plaintiff cannot legally charge for defending suits in the United States Courts, or for services rendered out of the Parish of Madison, to which Parish his official functions were restricted by law j that the suits wore not against the Parish of Madison, but against the Levee Board, and that no services -were performed in but two cases by the plaintiff, which were the only cases in which any defense was made, and judgments rendered; and that large sums had been paid to other attorneys as fees in the same cases.
The Court a qua, gave judgment for the plaintiff for $3,214.52, and from that judgment he has appealed, and the appellee has asked an amendment of the judgment rejecting the demand.
The facts of the case, as disclosed by the evidence, are substantially these:
Plaintiff was District Attorney, •pro tem., or Parish Attorney, for the Parish of Madison, from 1871 to 1876, except one year, when his right to the office was in controversy. During that time suits for large amounts, aggregating the sum mentioned, were brought against the Levee Commissioners of the two Parishes named, and which the two Parishes, composing the Levee District, would have had to pay had judgments been rendered in favor of the plaintiffs therein.
The Act of 1868, (Act 120) creating the office of District Attorney pro tenvpore, provided that such officer should be the Parish Attorney, and it was made Ms duty to represent the Parish in any case in which the Parish was interested, and should besides perform such other duties for the benefit of the Parish as might be required by the police jury, and was entitled to receive five per cent, on the amounts involved for defending suits against the Parish. E. S. Sec. 1186.
The police jury of Madison, by several ordinances, recognized the interest of the Parish in these suits, and the privileges and duties of the plaintiff with respect to them, and empowered Mm to employ *367 assistant counsel to defend them. Under this authorization the plaintiff employed Messrs. Samuel R. & C. L. Walker to assist in the defense of one of tlie suits, entitled Barclay vs. Board Levee Commissioners, and Warrick Tunstall, Esq., in another suit, Heine vs. same. These suits, in point of fact, were the only ones that were really defended of al; those instituted. To be sure, answers were filed in the others, but they seem to have awaited the issue of those named, and when they were determined, tlie others were not further prosecuted. In those referred to and named above, however, we are satisfied that the plaintiff rendered valuable services. It was upon information furnished by him that the defense tó them was made. He made several trips to New Orleans in preparing the defense, and ivas present at the trial of them in the United States Circuit Court, and co-operated with the other attorneys employed by him, and assisted in defraying the expenses incident to the "suits, hotli in New Orleans and Washington — one of the cases having been appealed to the Supreme Court of the United States. The employment of the attorneys mentioned was subsequently ratified by the police jury. We, however, concur with the District Judge who tried the case, that tlie understanding had between plaintiff and the Messrs. Walker was, that he was to share with them the five per cent, commissions on the amount involved in the suit in which they were employed. That is, that their joint fee was not to exceed that rate, and plaintiff himself reported to the police jury that the fee of those attorneys was to be two and one-half per cent, on the amount in suit, and was to be deducted from his commission, and this was substantially the purport of both liis testimony and that of the Walkers in the suit brought by the latter against the Parish for their foes. We, however, do not find that any such understanding- was had between the plaintiff and Judge Tunstall in regard to 1ns fee, in the suit defended by him. There was no agreement on the part of plaintiff to divide Ms commissions with Mm, and nothing in the evidence that warrants such a conclusion; and we think the Judge a quo was in error in charging one-half of the amount paid Tunstall by the Parish, to the plaintiff. And we differ with the Judge also, in regard to tlie amount on which the commissions of the plaintiff were to be calculated. The evidence satisfies us that the liability of tlie Parish of Madison, had judgment been in favor of the-claimants on the amount sued for in the two cases, was tliree-fifths, instead of one-lialf, as estimated by the Judge; and it was on this proportion of the debt claimed that the commissions should have been calculated ? With these corrections, the plaintiff is entitled to recover $7,537.40, instead of tlie amount allowed by the judgment appealed from. We are satisfied that his claim for services in the *368 other cases, in which no defense, or at most a mere nominal one, was made, was properly disallowed.
The plaintiff com plains of the refusal of the Judge to include in tin* judgment a provision for the levy of a tax to pay the same. His contention is, that at the time his services were rendered and his debt accrued, the law required that whenever a judgment was rendered against a municipal corporation, the judgment at the same time should provide for its payment, by ordering the assessment and collection of a special tax sufficient to satisfy the same, and that this provision of law formed part of the contract under which the indebtedness accrued, which could not be impaired by the subsequent repeal of tbe law (in 1877) inasmuch as it was protected by both the State and Federal Constitution, and that the taking away the remedy for its enforcement wa s an impairment of the contract within the intendment of the law. We do not concur in this view of the subject. In tlie first'place, tlie argument is based on false premises. We do not find that tbe plaintiffs claim was based upon a contract. A contract implies a convention between two or more parties, from which an obligation arises in favor of one or both of the parties. • There was no such convention in this ease. His claim does not grow out"of any con tract made with tire police jury of Madison, but out of a legal provision allowing him a certain compensation for services rendered tbe Parish iii Ms official capacity, and which it was made his duty to render, and the compensation would he due him with or without the action of-the parochial authorities. Before the Aet of 1869 was passed, there was a remedy to enforce the payment of a judgment against anranicipal corporation. A remedy for the enforcement of such a right exists to-day, and were the debt' claimed founded on a contract, it would by no means follow that the abrogation of the special remedy provided by the Act in question, to-wit: ordering the levy of the tax in the judgment itself, was unconstitutional. 32 A. 884.
This precise question came up in the case of Carnes vs. Parish of Red River, 29 A. 608, which was a suit by a sheriff for his fees. The Court held that in view of the repealing Act of 1877, the order for tlie levy of a tax to pay the debt was properly refused. We are not prepared to overrule that decision, nor can we concede, as charged by the plaintiff’s counsel, that it is repugnant to the rules of constitutional construction.
It is therefore ordered, adjudged and decreed, that the judgment appealed from he amended, by increasing the amount thereof to the sum of seven thousand five hundred and thirty-seven 40-100 dollars, with legal interest from judicial demand, and as thus amended, it be? affirmed, defendant to pay tbe costs of both Courts.